IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JAMES LUTHER BRYSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 22-4037-HLT-KGG |
| ) | |
| CITY OF WICHITA, KANSAS, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM & ORDER ON**
**MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES**
**AND REPORT & RECOMMENDATION FOR DISMISSAL**

In conjunction with his federal court Complaint (Doc. 1), Plaintiff James Luther Bryson has also filed a Motion to Proceed Without Prepaying Fees ("IFP application," Doc. 3, sealed) with a supporting financial affidavit (Doc. 3-1). After review of Plaintiff's motion, as well as the Complaint, the Court **GRANTS** the IFP application (Doc. 3) but **recommends** Plaintiff's claims be **dismissed** for failure to state a viable federal cause of action.

A.  **Motion to Proceed IFP.**

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial

1

means.  28 U.S.C. § 1915(a).  "Proceeding in forma pauperis in a civil case 'is a privilege, not a right – fundamental or otherwise.'"  **Barnett v. Northwest School**, No. 00-2499, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (quoting **White v. Colorado**, 157 F.3d 1226, 1233 (10th Cir. 1998)).  The decision to grant or deny in forma pauperis status lies within the sound discretion of the court.  **Cabrera v. Horgas**, No. 98-4231, 1999 WL 241783, at *1 (10th Cir. Apr. 23, 1999).

There is a liberal policy toward permitting proceedings in forma pauperis when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay.  *See generally*, **Yellen v. Cooper**, 828 F.2d 1471 (10th Cir. 1987).  In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income.  See **Patillo v. N. Am. Van Lines, Inc.**, No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); **Webb v. Cessna Aircraft**, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In the supporting financial affidavit, Plaintiff indicates he is 32 and married with one minor dependent.  (Doc. 3, sealed, at 1-2.)  He indicates he has "just started paying," so he does not know the amount of monthly support he provides.  (*Id*., at 2.)  He subsequently lists an amount of $250 per month in child support, however.  (*Id*., at 5.)  Plaintiff indicates he had been employed for a "few months,"

earning a modest wage from an employer that also provides health insurance. (*Id.*, at 2.)  His lists no other income or government benefits. (*Id.*, at 4-5.)  He does not own real property but does possess two modest automobiles on which he owes a significant amount.  (*Id.*, at 3-4.)  As for monthly expenses, he does not list a rent payment, but does list groceries and telephone.  (*Id.*, at 5.)  He has never filed bankruptcy.  (*Id.*, at 6.)

Given Plaintiff's income and financial obligations, the Court finds that Plaintiff's access to the Court would be significantly limited absent the ability to file this action without payment of fees and costs.  The Court thus **GRANTS** Plaintiff leave to proceed *in forma pauperis*. (Doc. 3, sealed.)

**B.     Sufficiency of Complaint and Recommendation for Dismissal.**

Pursuant to 28 U.S.C. §1915(e)(2), a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action or appeal – (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  "When a plaintiff is proceeding in forma pauperis, a court has a duty to review the complaint to ensure a proper balance between these competing interests."  **Mitchell v. Deseret Health Care Facility**, No. 13-1360-RDR-KGG, 2013 WL 5797609, at *1 (D. Kan. Sept. 30, 2013).  The purpose of § 1915(e) is "the prevention of abusive or capricious litigation." **Harris v. Campbell**, 804

F.Supp. 153, 155 (D.Kan. 1992) (internal citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment). *Sua sponte* dismissal under § 1915 is proper when the complaint clearly appears frivolous or malicious on its face. **Hall v. Bellmon**, 935 F.2d 1106, 1108 (10th Cir. 1991).

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a plaintiff's complaint will be analyzed by the Court under the same sufficiency standard as a Rule 12(b)(6) Motion to Dismiss. *See* **Kay v. Bemis**, 500 F.3d 1214, 1217-18 (10th Cir. 2007). In making this analysis, the Court will accept as true all well-pleaded facts and will draw all reasonable inferences from those facts in favor of the plaintiff. *See* **Moore v. Guthrie**, 438 F.3d 1036, 1039 (10th Cir.2006). The Court will also liberally construe the pleadings of a pro se plaintiff. *See* **Jackson v. Integra Inc.**, 952 F.2d 1260, 1261 (10th Cir.1991).

This does not mean, however, that the Court must become an advocate for the *pro se* plaintiff. **Hall**, 935 F.2d at 1110; *see also* **Haines v. Kerner**, 404 U.S. 519, 92 S.Ct. 594 (1972). Liberally construing a pro se plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." **Hall**, 935 F.2d at 1110.

A complaint "must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." **Fisher v. Lynch**, 531 F. Supp.2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007), and **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir.1991) (holding that a plaintiff need not precisely state each element, but must plead minimal factual allegations on those material elements that must be proved)). "In other words, plaintiff must allege sufficient facts to state a claim which is plausible – rather than merely conceivable – on its face." **Fisher**, 531 F. Supp.2d at 1260 (citing **Bell Atlantic Corp. v. Twombly**, 127 S.Ct. at 1974).  Factual allegations in the complaint must be enough to raise a right to relief "above the speculative level." **Kay v. Bemis**, 500 F.3d at 1218 (citing **Bell Atlantic Corp. v. Twombly**, 127 S.Ct. At 1965).

The Court's relaxed scrutiny of the *pro se* plaintiff's pleadings "does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." **Hall**, 935 F.2d at 1110. "Conclusory statements unsupported by factual allegations are insufficient to state a claim, even for a pro se plaintiff." **Olson v. Carmack**, 641 Fed.Appx. 822, 825 (10th Cir. 2016).  "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury...." **Hall**, 935 F.2d at 1110.

5

While a complaint generally need not plead detailed facts, Fed.R.Civ.P. 8(a), it must give the defendant sufficient notice of the claims asserted by the plaintiff so that they can provide an appropriate answer. ***Monroe v. Owens***, Nos. 01-1186, 01-1189, 01-1207, 2002 WL 437964 (10th Cir. Mar. 21, 2002). Rule 8(a) requires three minimal pieces of information to provide such notice to the defendant: (1) the pleading should contain a short and plain statement of the claim showing the pleader is entitled to relief; (2) a short and plain statement of the grounds upon which the court's jurisdiction depends; and (3) the relief requested. Fed. R. Civ. P. 8(a). After reviewing a plaintiff's Complaint and construing the allegations liberally, if the Court finds that he has failed to state a claim upon which relief may be granted, the Court is compelled to recommend that the action be dismissed.

Plaintiff's Complaint brings claims for a denial of his civil rights against a list of Defendants, including two governmental entities (the City of Wichita, Kansas and Sedgwick County, Kansas), various private health care entities (Comcare, St. Francis Hospital, St. Joseph Hospital,) pastors of City Life Church, the 21st Street Market, the Mental Health Association of Kansas, and an organization called Humankind. Plaintiff alleges that St. Joseph Hospital "stole [his] baby … and 'sold' [his] baby girl." (Doc. 1, at 3.) His requested relief is for "justice to be served, for forgiveness to prevail." (*Id*.) Plaintiff makes no other

factual allegations in his Complaint.  None of the other named Defendants are referenced factually.  (*See generally* Doc. 1.)

Simply stated, Plaintiff has not alleged in his Complaint (Doc. 1) sufficient facts to allow the Court to determine the basis of the alleged violations of his civil and/or constitutional rights and to how Plaintiff alleges the various Defendants are responsible for their alleged violation.  Further, Plaintiff does not indicate when the alleged events occurred.  This creates concerns for the Court regarding whether the statute of limitations has run and the resulting impact on the facial viability of Plaintiff's claims.  The events or acts of Defendants relating to Plaintiff's claims (including those which Plaintiff failed to allege in his Complaint) may have taken place more than two years prior to the filing of Plaintiff's Complaint and, thus, may be time-barred.  See **Fratus v. Deland**, 49 F.3d 673, 674-75 (10th Cir. 1995) (district court may consider affirmative defenses *sua sponte* when the defense is obvious from the face of the complaint and no further factual record is required to be developed).  Further, Plaintiff has not alleged facts suggesting that he would be entitled to statutory or equitable tolling.  *See* Doc. 1.

Given the dearth of factual information in the Complaint, Plaintiff has failed to establish any basis for federal court jurisdiction for his potential claims against Defendants.  Further, Plaintiff has failed to even indicate how the actions of Defendants even relate to he claims he is attempting to allege.  As such, the

7

undersigned Magistrate Judge **recommends** to the District Court that Plaintiff's claims be **DISMISSED** in their entirety for failure to state a cause of action pursuant to federal law.

IT IS THEREFORE ORDERED that Plaintiff's motion for IFP status (Doc. 3) is **GRANTED**.

IT IS **RECOMMENDED**, however, to the District Court that Plaintiff's Complaint (Doc. 1) be **DISMISSED**. The Clerk's office shall not proceed to issue summons in this case.

IT IS THEREFORE ORDERED that a copy of the recommendation shall be sent to Plaintiff via certified mail. Pursuant to 28 U.S.C. §636(b)(1), Fed.R.Civ.P. 72, and D.Kan. Rule 72.1.4, Plaintiff shall have fourteen (14) days after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, any written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge. Plaintiff's failure to file such written, specific objections within the 14-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

**IT IS SO ORDERED AND RECOMMENDED**.

Dated at Wichita, Kansas, on this 7th day of July, 2022.

S/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge